## IN THE MATTER OF W. D. HIRST.

No. 10372.

Submitted November 28, 1961. Decided January 18, 1962.

368 P.2d 157.

Attorney deprived for forty-five days of right to practice.

Forrest H. Anderson, Atty. Gen., Alfred Coate, Asst. Atty. Gen. argued orally, for the State.

John C. Hoyt, W. D. Hirst, Great Falls, argued orally, for W. D. Hirst.

PER CURIAM.

Complaint was made to this court with reference to the conduct of W. D. Hirst, an attorney duly licensed and practicing in this state, and on May 1, 1961, an appointment of special counsel to investigate the matter was made. Upon receipt of the report of such investigation this court directed the Attorney General to file complaint in this court covering the conduct complained of.

Such complaint was filed by the Attorney General on November 28, 1961, summons issued, and service made upon the attorney. To such complaint the attorney filed his answer on December 15, 1961.

The complaint alleged that in November of 1955, Dun and Bradstreet, Incorporated, secured the services of W. D. Hirst to collect a claim for one of its clients in the amount of $500. That thereafter in March of 1956 Hirst advised his client, Dun and Bradstreet, Incorporated, that he had located the debtor

and recommended that a legal action be instituted against him, and that the costs of such action would be $5.00 for filing fee, $5.00 service fee, and $47.50 for the issuance of summons and complaint. Thereafter the client advanced to Hirst $57.50 as costs for the institution of an action. In April of 1956 Hirst filed an unverified complaint in the District Court of the Eighth Judicial District of the State of Montana, had summons issued and service was made on the debtor in May of 1956.

No further action was taken in the case by Hirst until April 11, 1961, on which day summons was filed and a default judgment was entered. On numerous occasions prior to April 11, 1961, Hirst was contacted by his client concerning the status of the action and he replied to such requests advising that the cause was at issue and that he was waiting for the matter to be called up for trial. The complaint prayed that Hirst be made to appear before this court and show cause why he should not be disciplined for his conduct in the matter.

In his answer Hirst admits the above allegations of the complaint and as to his delay in entering judgment he asserts that he was attempting to locate the debtor who had left the City of Great Falls in order that he might obtain from such debtor money to apply upon such account, but he was unable to do so. In his prayer Hirst states that if the allegations of the complaint as admitted and explained by him in his answer merit disciplinary action against him, that in such event he requests the court to discipline him as in its good conscience it so dictates.

In our view the admissions of Hirst in his answer leave no disputed fact questions for decision, all having been admitted. While Hirst states that his delay of nearly five years before entering judgment was because of his efforts to locate the debtor, it is not possible to reconcile this statement with his admission that over the same period of time he was advising his client that the cause was at issue and he was waiting for

the matter to be called up for trial. There never was any appearance by the debtor in the action and a default judgment such as he entered on April 11, 1961, could have been entered at the expiration of the statutory period for appearance by the debtor, which could have been in June of 1956. R.C.M.1947, § 93-4801. Hirst well knew the action was never waiting to be called up for trial, and in making these statements repeatedly to his client he was guilty of deliberate falsehood.

Two other matters also cause us concern. The fee for filing a civil action in the district courts of Montana is $5.00, which includes the issuance of the summons, and when Hirst advised that the cost of issuance of summons and complaint was $47.50 he was misleading his client. It may be that Hirst intended to convey that his fee for such services would be such sum, but the manner in which he put the matter to his client would have left the impression that such charge of $47.50 was a cost item. The complaint which was filed in the district court was not verified as required by section 93-3702, R.C.M.1947. Section 93-4705, subd. 7, R.C.M.1947, provides in part as follows: "No action heretofore or hereafter commenced shall be further prosecuted, and no further proceedings shall be had therein * * * unless summons shall have been issued within one year, and served and return made within three years after the commencement of said action."

While failure to observe these last two sections of our statutes had no effect in the client's case because admittedly the debtor had left the City of Great Falls years before entry of the judgment, it does indicate the negligent manner in which counsel handled the cause for his client.

The admitted deception practiced upon his client by Hirst cannot be condoned in this matter and requires that disciplinary action be taken.

It is therefore ordered that W. D. Hirst forthwith deposit with the Clerk of this Court the sum of $57.50, such sum to

be by the Clerk remitted to Dun and Bradstreet, Incorporated, the client.

It is further ordered that W. D. Hirst be deprived of the right to practice as an attorney or counselor in the courts of the State of Montana for the period of forty-five (45) days from and after January 18, 1962, at the expiration of which time he may be reinstated as an attorney and counselor-at-law upon written application accompanied by two affidavits of members of the bar resident in Great Falls, Montana, showing satisfactory proof of his good moral character meanwhile.